IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN
MADISON, WISCONSIN

| | |
|---|---|
| Z TRIM HOLDINGS, INC., an Illinois Corporation, and FIBERGEL TECHNOLOGIES, INC., a Florida Corporation, <br><br> Plaintiffs <br><br> v. <br><br> FIBERSTAR, INC., a Minnesota Corporation, <br><br> Defendant. | Case No. <br><br> **07 C 0161 C** |

## COMPLAINT

Plaintiff Z Trim Holdings, Inc. ("ZTH") and Plaintiff FiberGel Technologies, Inc. ("FiberGel") (collectively "Plaintiffs"), by and through their attorneys, for their Complaint for patent infringement against Defendant Fiberstar, Inc. ("Fiberstar"), hereby allege as follows:

### The Parties

1. Plaintiff ZTH (f/k/a Circle Group Holdings, Inc.) is an Illinois corporation with a principal place of business in Illinois, including a place of business at 1011 Campus Drive, Mundelein, Illinois 60060.

2. Plaintiff FiberGel is a Florida corporation with a principal place of business in Illinois, including a place of business at 1011 Campus Drive, Mundelein, Illinois 60060. FiberGel is a wholly-owned subsidiary of ZTH.

3. Upon information and belief, Defendant Fiberstar is a Minnesota corporation with a principal place of business and corporate offices at 3023 15th Street SW, Willmar, Minnesota, 56201.

4. On information and belief, Defendant Fiberstar has a facility located within this District at N5233 U.S. Hwy. 63, Ellsworth, Wisconsin, 54011 (Pierce County).

5. On information and belief, Defendant Fiberstar is registered to do business in the State of Wisconsin and has been so registered since December 2000. On information and belief, Defendant Fiberstar's registered agent in Wisconsin is located in Roberts, Wisconsin (St. Croix County), which is located within this District.

6. On information and belief, Defendant Fiberstar maintains a website that includes a "Contact Us" page containing the name, address, and phone number of a representative responsible for sales in Wisconsin.

## Nature of the Action

7. This is a civil action for patent infringement of United States Patent No. 5,766,662 ("the '662 patent") arising under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*. This action relates to products manufactured, used, sold, and offered for sale and/or imported by Defendant Fiberstar that infringe one or more claims of the '662 patent.

## Jurisdiction and Venue

8. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338.

9. This Court has personal jurisdiction over Defendant Fiberstar by virtue of, *inter alia*: (1) its presence in Wisconsin; and (2) its systematic and continuous contacts with Wisconsin.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

## The Patent-In-Suit

11. On June 16, 1998, the '662 patent, entitled "Dietary Fiber Gels for Calorie Reduced Foods and Method for Preparing the Same," was duly and legally issued by the United States Patent and Trademark Office. The United States of America is the assignee of the '662 patent. A true and accurate copy of the '662 patent is attached hereto as Exhibit A.

12. FiberGel was the exclusive licensee to the '662 patent by virtue of an exclusive license granted by the United States Department of Agriculture ("USDA") in 2002.

13. FiberGel has the right to enforce the '662 patent against Fiberstar during the time FiberGel was the exclusive licensee to the '662 patent.

14. On March 2, 2007, FiberGel assigned to ZTH all of its interest in the exclusive license to the '662 patent, except for FiberGel's right to enforce the '662 patent against Fiberstar during the time FiberGel was the exclusive licensee to the '662 patent.

15. On March 3, 2007, the USDA acknowledged the assignment of the exclusive license from FiberGel to ZTH and confirmed that ZTH has the right to enforce the '662 patent against Fiberstar.

16. On behalf of FiberGel and itself, ZTH manufactures, sells, and markets commercial embodiments of the '662 patent in the United States and in foreign countries under the trade name Z TRIM®.

17. The products Citri-Fi® 100, Citri-Fi® 200, Citri-Fi® 100FG, Citri-Fi® 100M40, Citri-Fi® 200FG, and Citri-Fi® 300FG (collectively, "Citri-Fi® products"), which, on information and belief, are manufactured, used, marketed, sold, offered for sale and/or imported by Defendant Fiberstar, each of which fall within the scope of one or more claims of the '662 patent.

**Background**

18.  ZTH is a company whose business is the development of emerging technologies that have the potential to improve people's lives. ZTH brings these technologies from conceptualization and pre-market development through commercialization.

19.  One of ZTH's core businesses involves the production and marketing of Z TRIM®, a dietary fiber product. Z TRIM® is and can be produced from agricultural by-products, including those of corn, wheat, oat, citrus, peanut, fruit and many other cellulose-containing agricultural by-products.

20.  Plaintiffs, at great expense and energy, have undertaken substantial efforts to protect their proprietary rights in this technology by developing a comprehensive intellectual property portfolio, including obtaining an exclusive license to the '662 patent.

21.  During the summer of 2005, Plaintiffs became aware that Defendant Fiberstar was actively engaged in marketing, making, selling and offering for sale, fiber products. In particular, Defendant Fiberstar was marketing, making, selling and offering for sale, Citri-Fi® products.

22.  Plaintiffs mailed Defendant Fiberstar a letter dated August 22, 2005, and therein identified the '662 patent, notified Defendant Fiberstar of its infringing activities, and requested that Defendant Fiberstar cease and desist its infringing activities.

23.  Defendant Fiberstar has refused to cease and desist its infringing activities.

24.  On information and belief, Defendant Fiberstar has infringed, and continues to willfully infringe, at least one claim of the '662 patent.

25.  Plaintiffs have been harmed, and continue to be harmed, by Defendant Fiberstar's infringing activities.

### Prior Litigation Between ZTH And Fiberstar

26. On July 2, 2006, ZTH filed a patent infringement action (No. 06-C-361-C) against Fiberstar in this District, alleging that Fiberstar had infringed and was continuing to willfully infringe the '662 patent.

27. On July 27, 2006, Fiberstar filed its Answer denying infringement. In its Answer Fiberstar admitted that subject matter jurisdiction, personal jurisdiction, venue, and service were all proper in that case and in this District.

28. On February 5, 2007, the Court dismissed without prejudice action No. 06-C-361-C under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Specifically, the Court found that although FiberGel held a license to the '662 patent, ZTH did not possess a sufficient legal interest in the '662 patent to confer standing.

29. FiberGel was not a party to action No. 06-C-361-C.

### Count I
### (Direct Patent Infringement)

30. FiberGel incorporates by reference paragraphs 1-29 of this Complaint as if fully set forth herein.

31. On information and belief, the manufacture, use, sale, and/or offer for sale of Defendant Fiberstar's Citri-Fi® products have infringed at least one claim of the '662 patent prior to March 2, 2007.

32. On information and belief, Defendant Fiberstar has manufactured, used, sold, offered for sale and/or imported Citri-Fi® products prior to March 2, 2007.

33. On information and belief, Defendant Fiberstar has intentionally and willfully infringed the '662 patent prior March 2, 2007.

5

34. FiberGel has been substantially and irreparably harmed by Defendant Fiberstar's infringing activities that occurred prior to March 2, 2007, and FiberGel has been damaged as a result of such infringing activities.

35. FiberGel is entitled to damages and/or a reasonably royalty as a result of Fiberstar's infringing activities.

## Count II
### (Indirect Patent Infringement)

36. FiberGel incorporates by reference paragraphs 1-35 of this Complaint as if fully set forth herein.

37. On information and belief, Defendant Fiberstar has induced infringement of the '662 patent by others in the United States to purchase, use, sell and/or offer for sale Citri-Fi® products prior to March 2, 2007.

38. On information and belief, Defendant Fiberstar has contributed to the infringement of the '662 patent prior to March 2, 2007.

39. FiberGel has been substantially and irreparably harmed by Defendant Fiberstar's infringing activities that occurred prior to March 2, 2007, and FiberGel has been damaged as a result of such infringing activities.

40. FiberGel is entitled to damages and/or a reasonably royalty as a result of Fiberstar's infringing activities.

## Count III
### (Direct Patent Infringement)

41. On March 2, 2007, as a consequence of the Court's Order dated February 5, 2007, in Civil Action No. 06-C-361-C, FiberGel assigned all of its rights in the '662 patent to ZTH. ZTH has standing to assert the present action for at least those infringing activities that have occurred on or after March 2, 2007.

42. ZTH incorporates by reference paragraphs 1-41 of this Complaint as if fully set forth herein.

43. On information and belief, the manufacture, use, sale, and/or offer for sale of Defendant Fiberstar's Citri-Fi® products have infringed at least one claim of the '662 patent on or after March 2, 2007.

44. On information and belief, Defendant Fiberstar has manufactured, used, sold, offered for sale and/or imported Citri-Fi® products on or after March 2, 2007, and continues to manufacture, use, sell, and offer for sale and/or import Citri-Fi® products.

45. On information and belief, Defendant Fiberstar has intentionally and willfully infringed the '662 patent on or after March 2, 2007, and intentionally and willfully continues to infringe the '662 patent.

46. On information and belief, Defendant Fiberstar will continue such infringing activities unless enjoined.

47. ZTH will be substantially and irreparably harmed by Defendant Fiberstar's infringing activities unless those activities are enjoined by this Court. ZTH has no adequate remedy at law.

48. ZTH is entitled to damages and/or a reasonably royalty as a result of Fiberstar's infringing activities at least on or after March 2, 2007.

## Count IV
### (Indirect Patent Infringement)

49. ZTH incorporates by reference paragraphs 1-48 of this Complaint as if fully set forth herein.

50. On information and belief, Defendant Fiberstar has induced infringement of the '662 patent by others in the United States to purchase, use, sell and/or offer for sale Citri-Fi® products on or after March 2, 2007.

51. On information and belief, Defendant Fiberstar has contributed to the infringement of the '662 patent on or after March 2, 2007.

52. On information and belief, Defendant Fiberstar will continue such infringing activities unless enjoined.

53. ZTH will be substantially and irreparably harmed by Defendant Fiberstar's infringing activities unless those activities are enjoined by this Court. ZTH has no adequate remedy at law.

54. ZTH is entitled to damages and/or a reasonably royalty as a result of Fiberstar's infringing activities from at least on or after March 2, 2007.

### Prayer for Relief

WHEREFORE, Plaintiffs ZTH and FiberGel respectfully request that this Court enter judgment in their favor, and against Defendant Fiberstar, as follows:

(a) declaring that, under 35 U.S.C. § 271, Fiberstar's Citri-Fi® products infringe at least one claim of the '662 patent;

(b) enjoining Fiberstar, and all persons acting in concert with Fiberstar, from commercially manufacturing, using, offering for sale, selling or importing Fiberstar's Citri-Fi® products until expiration of the '662 patent;

(c) awarding ZTH and FiberGel their respective damages, enhanced damages, and/or a reasonable royalty and their attorneys fees under 35 U.S.C. §§ 284 and 285;

(d) awarding ZTH and FiberGel an assessment of interest, as well as ZTH's and FiberGel's respective costs and expenses in this action; and

(e) awarding ZTH and FiberGel any further and additional relief that this Court deems just and proper.

Dated: March 21, 2007

Respectfully submitted,

Z TRIM HOLDINGS, INC. and
FIBER GEL TECHNOLOGIES, INC.

By: _____
One of the attorneys for Plaintiffs

<u>Attorneys for Z Trim Holdings, Inc. and FiberGel Technologies, Inc.</u>
Mark A. Cameli
Lynn M. Stathas
Lewis W. Beilin
REINHART BOERNER VAN DEUREN S.C.
22 East Mifflin Street
P.O. Box 2018
Madison, WI 53701-2018
608-229-2200
608-229-2100 (facsimile)
mcameli@reinhartlaw.com

<u>Of Counsel</u>
Deanne M. Mazzochi
Adam G. Kelly
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 West Hubbard Street, Suite 500
Chicago, Illinois 60610
Telephone: 312-222-6305
Facsimile: 312-222-6325
dmazzochi@rmmslegal.com
akelly@rmmslegal.com