IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Z TRIM HOLDINGS, INC., ) | |
| an Illinois Corporation, and ) | |
| FIBERGEL TECHNOLOGIES, INC., ) | |
| a Florida Corporation, ) | |
| ) | Case No. 07-C-0161-C |
| Plaintiffs, ) | |
| ) | Judge Barbara B. Crabb |
| v. ) | |
| ) | Magistrate Judge Stephen L. Crocker |
| FIBERSTAR, INC., ) | |
| a Minnesota Corporation ) | |
| ) | |
| Defendant. ) | |

**Z TRIM'S MEMORANDUM IN SUPPORT OF ITS
OBJECTIONS TO THE BILL OF COSTS**

**I.     INTRODUCTION**

Fed. R. Civ. Pro. 54(d)(1) and 28 U.S.C. § 1920 permit a prevailing party to recoup costs that were both "necessary" to its case and reasonable in amount. The party seeking costs bears the burden of establishing that each asserted cost is recoverable by statute and that each cost meets the "necessary" and "reasonable" standards. Fiberstar seeks $53,577.80 in an apparent effort to recoup essentially *all* its litigation costs, without making the necessary showing that each costs is recoverable and why each cost was "necessary" and "reasonable." Z Trim asks the Court to disallow Fiberstar's unrecoverable and unsupported costs and award Fiberstar costs totaling no more than $7,628.77.

1

## II.     LEGAL STANDARDS

### A.     The Award of Costs under Rule 54(d) and 28 U.S.C. § 1920

Under Rule 54(d)(1), the Court may award costs to a prevailing party as a matter of course.[1] To be recoverable, a particular expense must fall within 28 U.S.C. § 1920, and if so, that cost must also be necessary and reasonable.[2] The Court should review a bill of costs "in scrupulous detail" to determine whether the costs were necessary and reasonable.[3] For example, "costs" do not include expenses incurred merely for the convenience of the prevailing party,[4] or every out-out-pocket expense that a party incurred during the course of the litigation.[5] Moreover, the Court has no authority to tax a cost to the opposing party that is not enumerated under Section 1920.[6] "Expenses that are not on the statutory list must be borne by the party incurring them."[7]

The prevailing party bears the burden to establish that all of the costs it seeks are permissible under Section 1920 and are necessary and reasonable.[8,9]

---

[1] *See* Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920; *see also Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000).

[2] *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000).

[3] *Young v. City of Chicago*, No. 00 C 4478, 2002 WL 31118328, at *1 (N.D. Ill. Sept. 24, 2002).

[4] *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993).

[5] *Cefalu*, 211 F.3d at 427.

[6] *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); *Wahl v. Carrier Mfg. Co.,* 511 F.2d 209, 215-16 (7th Cir. 1975); and *Ardisam, Inc. v. Ameristep, Inc.*, No. 03 C 533, 2005 U.S. Dist. LEXIS 26865, at *7 (W.D. Wis. Nov. 3, 2005) (Crabb, J.).

[7] *Collins v. Gorman*, 96 F.3d 1057, 1058 (7th Cir. 1998).

[8] *Popeil Bros., Inc. v. Schick Elec., Inc.*, 516 F.2d 772, 775 (7th Cir. 1975); and *Thermal Design, Inc. v. Indoor Courts of Am., Inc.*, No. 03-C-249-C, 2004 U.S. Dist. LEXIS 14133, at *11 (W.D. Wis. July 20, 2004) (Crabb, J.).

[9] Whether the taxation of costs is appropriate in patent cases is governed by the law of the regional circuit. *Summit Tech., Inc. v. Nidek Co.*, 435 F.3d 1371, 1374 (Fed. Cir. 2006).

### III.  ARGUMENT

Fiberstar seeks many costs that are not recoverable.  Some of these costs (such as "streaming software" and "graphic illustration") are not taxable because they fall outside of the list of taxable items under 28 U.S.C. § 1920.  Other costs, such as stenographic transcripts related solely to Fiberstar's dismissed inequitable conduct claim or videography expenses are not recoverable because they are not "necessary."  In any event, Fiberstar fails to meet is burden to identify why these costs, and many other items in its Bills of Costs, were necessary and reasonable in this case.  Thus, Fiberstar's Bill of Costs should be reduced according to the analysis provided below.

### A.  Fiberstar's Bill of Costs Seeks Costs That Are Unrecoverable Under 28 U.S.C. § 1920 or Are Unnecessary and Unreasonable

Many of the costs Fiberstar seeks are not authorized under Section 1920 and several others, while enumerated, are either unnecessary and unreasonable or devoid of the detail required in the Seventh Circuit to justify taxation.  Z Trim provides a chart of its analysis of each cost at Exhibit A[10] and a chart for deposition costs at Exhibit B.[11]

#### 1.  The Court should not award costs unnecessarily obtained for use in this case under 28 U.S.C. § 1920(2)

##### a.  Fiberstar's videography costs were unnecessary

Along with stenographic transcription, Fiberstar seeks $13,599.57 in videography costs associated with several fact and expert depositions.[12,13]  Courts in the Seventh Circuit may award costs for both videography and stenographic transcription only when the prevailing party

---

[10] *See* Exhibit A to Z Trim's Memorandum in Support of Its Objections to the Bill of Costs ("Exhibit A").
[11] *See* Exhibit B to Z Trim's Memorandum in Support of Its Objections to the Bill of Costs ("Exhibit B").
[12] *See* Fiberstar's Bill of Costs at Exhibit 2.
[13] *See* Exhibit B.

demonstrates that both costs were necessary to the litigation.[14] The determination of "necessity" under Section 1920(2) must be made in light of the facts known at the time of the deposition.[15] Here, Fiberstar fails to make any "necessity" showing whatsoever. In any event, the videography, as distinct from the stenographic transcript, does not appear to have been necessary. For example, under Rule 26(a)(3)(A)(ii), Fiberstar filed only the stenographic transcripts of these depositions, and did not submit any video. Because Fiberstar did not use these video depositions, these videography expenses presumably were incurred for the convenience of counsel and are unnecessary.

Likewise, all ancillary videography costs associated with these deposition, like video technician fees and equipment rental, are not recoverable.[16] Thus, the Court should deduct at least $13,599.57 associated with videography costs from the Bill of Costs.

### b. Streaming software, ASCII files, and other deposition-related costs are not recoverable

Fiberstar seeks at least $5,189.00 in costs for real-time streaming software, *e.g.*, LiveNote software or Realtime, ASCII files, emailed transcripts, and attendance fees associated with several depositions.[17] Real-time streaming software falls outside of Section 1920(2). This software is used to stream the deposition transcript, in real-time format, onto a connected monitor, so an attorney may read the transcript at the same time that she is hearing the testimony. Fiberstar fails to demonstrate why these costs were *necessary* for its case. In addition, ASCII

---

[14] *Little v. Mitsubishi Motors N. America, Inc.*, 514 F.3d 699, 701-702 (7th Cir. 2007) (permitting recovery of both stenographic and videography costs because both costs were necessary to the case); *see also Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 449 (4th Cir. 1999) (awarding costs only for stenographic transcription).

[15] *Barber*, 7 F.3d at 645.

[16] Expenses incurred for hiring video technicians and renting video equipment are not recoverable. *See, e.g., Technical Resources Servs., Inc. v. Dornier Medical Sys., Inc.*, 134 F.3d 1458, 1468 (11th Cir. 1998) (costs for equipment rental); *Morrison v. Reichhold Chem., Inc.*, 97 F.3d 460, 465 (11th Cir. 1996) (videographer's fee and equipment rental); *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993) (video technician's fee).

4

files and other related deposition costs are not recoverable because the Court considers these costs as a convenience of counsel.[18]  Lastly, postage and delivery costs are considered non-taxable ordinary business expenses and are not recoverable.[19]  Thus, the Court should deduct at least $5,189.00 for streaming software costs from the Bill of Costs.

### c. The Ribando and Inglett deposition transcripts are unnecessary

Fiberstar seeks $4,930.75 in costs for stenographic deposition transcripts costs for the depositions of Curtis Ribando (patent agent) and Dr. George Inglett (inventor).[20]  These depositions do not appear to have been necessary or reasonable at the time Fiberstar took them.[21]  Fiberstar deposed these witnesses to support its dismissed inequitable conduct claim.  At best, Fiberstar's inequitable conduct was marginal.  Fiberstar's entire inequitable conduct theory hinged on whether a government employee (*i.e.*, Mr. Ribando or Dr. Inglett) intentionally deceived the USPTO.[22]  There is no evidence in the record that these depositions were anything but fishing expeditions.[23]  In fact, the Court even observed that Fiberstar's inequitable conduct claim was no "slam dunk."[24]  Accordingly, the Court should deduct at least $4,930.75 for these two unnecessary stenographic transcript costs from the Bill of Costs.

---

[17] *See* Exhibit B.
[18] *See, e.g., Engate, Inc. v. Esquire Deposition Svcs. LLC*, No. 01 C 6204, 2006 WL 695650, at *1-*2 (N.D. Ill. March 13, 2006).
[19] *See, e.g., Alexander v. CIT Tech. Fin. Serv.*, 222 F. Supp. 2d 1087, 1090 (N.D. Ill. 2002).
[20] *See* Exhibit B.
[21] *Barber*, 7 F.3d at 645.
[22] *See* Fiberstar's Answer, Dkt. # 5.
[23] It is well-known that inequitable conduct claims are often meritless and are a "plague" on the patent system.  *Burlington Indus. v. Dayco Corp.*, 849 F.2d 1418, 1422 (Fed. Cir. 1988) ("[T]he habit of charging inequitable conduct in almost every major patent case has become an absolute plague.").
[24] *See* Dkt. #119 (Order dated 4/19/08 dismissing Fiberstar's Motion to Amend and/or Alter Judgment).

### d. The Court should follow the taxation rates established by the Judicial Conference when taxing a stenographic transcript

Fiberstar seeks unreasonable stenographic transcript fees ranging from $9.98 per page[25] to $4.65 per page[26]. The Judicial Conference has established $3.30 as the rate per page for an original transcript, $4.40 per page for each expedited copy, $0.83 per page for each expedited copy of a transcript, and $0.55 per page for each additional copy to the same party.[27] The Court's sister court, the Northern District of Illinois, has adopted these rates.[28] Z Trim requests that the Court apply the transcript rates established by the Judicial Conference if it awards stenographic deposition transcript costs to Fiberstar.

### 2. The Court should reduce Fiberstar's exemplification and photocopy costs because many of these costs are unrecoverable under 28 U.S.C. § 1920(4) or are unnecessary and unreasonable or lack the requisite detail to ascertain their necessity

Fiberstar seeks $22,364.36 in costs for graphic illustrators, outside and in-house photocopying, electronic files, scanning and OCR'ing, CD creation, and computer searching charges, many of which are either unrecoverable under Section 1920 or unnecessary to this litigation.[29] But Fiberstar fails to show that *all* of these exemplification and photocopy costs were necessary and reasonable. The circumstances that would justify the Court awarding to Fiberstar all of its exemplification and photocopy costs are simply not present.

---

[25] *See* Fiberstar's Bill of Costs at Exhibit 2, receipt dated 10/22/07 ($9.98 per page).
[26] *Id.* at receipt dated 12/20/07 ($4.65 per page).
[27] *See, e.g., Nilssen v. Osram Sylvania, Inc.*, No. 01 C 3585, 2007 WL 257711, at *2 (N.D. Ill. Jan. 23, 2007) (employing Judicial Conference rate per page).
[28] *See* N.D. Ill L.R. 54(d)(1).
[29] *See* Fiberstar's Bill of Costs at Exhibit 2; *see also* Exhibit A.

### a. Fiberstar's *Markman*-related exemplification costs, like graphic illustration and exhibits costs, are either unnecessary or lack sufficient detail to ascertain their necessity

The Seventh Circuit will not permit an award of exemplification costs under 28 U.S.C. § 1920(4), unless such costs were "necessarily obtained for use in the case."[30] Among the factors considered "in evaluating the necessity of a particular type of exemplification is whether the nature and context of the information being presented genuinely called for the means of illustration that the party employed."[31] "In other words, was the exemplification vital to the presentation of the information, or was it merely a convenience or, worse, an extravagance?"[32] When the prevailing party fails to identify the exhibits and enumerate the costs associated with the exhibits presented at the hearing, the Court will not award those costs.[33]

Here, Fiberstar seeks over $12,000.00 in exemplification costs for one hearing. Many of these costs fall outside of Section 1920 or are unnecessary.[34] For example, Fiberstar seeks Fiberstar seeks $10,660.42 in costs associated with certain third-party consultants, *i.e.*, DecisionQuest, for "consultation services" related to graphic illustration, computer layout, and production. These third-party services are not expressly set forth in Section 1920, and thus the Court has no authority to tax these costs.[35] Moreover, Fiberstar fails to provide any evidence that these costs were necessary or vital to its case.[36]

---

[30] *Cefalu*, 211 F.3d at 428.
[31] *Id.*
[32] *Id.* at 428-29.
[33] *Telular Corp. v. Mentor Graphics Corp.*, No. 01 C 431, 2006 WL 1722375, at **5-6 (N.D. Ill. June 16, 2006) (refusing an award of costs for binders associated with pattern jury instructions, but awarding exemplification costs for exhibits used at trial).
[34] *See, e.g.*, *Vigortone AG Prods., Inc. v. PM AG Prods., Inc.*, No. 99 C 7049, 2004 WL 1899882, at *9 (N.D. Ill. Aug. 12, 2004) (denying unsupported claim for exemplification costs).
[35] *Crawford Fitting*, 482 U.S. at 441-42; and *Wahl*, 511 F.2d at 215-16.
[36] *Cefalu*, 211 F.3d at 428.

In addition, Fiberstar seeks additional costs associated with these illustration services for the production of demonstratives, printing, and copying expenses.[37] At the *Markman* hearing Fiberstar only presented one exhibit board and handed-out some PowerPoint slides. Yet, Fiberstar fails to particularize which demonstratives were necessary and why, the amount of that expense, and whether these expenses were reasonable.[38] Accordingly, Fiberstar is not entitled to any costs associated with third-party consultants and any associated expenditures.

For any remaining exemplification costs related to the *Markman* hearing, Fiberstar fails to identify which exemplifications were necessary and reasonable, and why. The Court has no way to know what portion of a particular receipt, if any, was necessary to the *Markman* hearing. Because Fiberstar's exemplification costs were either unrecoverable under 28 U.S.C. 1920(4), unnecessary, or lacked sufficient detail to ascertain their necessity, the Court should deduct at least $10,660.42 for these exemplification costs from the Bill of Costs.

      **b.**    **Many of Fiberstar's "photocopy costs" include unrecoverable expenses or lack the requisite detail to ascertain their necessity**

To be recoverable Fiberstar must have actually prepared the photocopies for use in presenting evidence to the court.[39] Photocopying costs are only recoverable if such costs were reasonably necessary.[40] Copies of filings for a party's personal use, extra copies, and copies of cases are unnecessary and thus are not recoverable.[41]

---

[37] *See* Fiberstar's Bill of Costs at Exhibit 4, receipt dated 1/12/07.

[38] *Cefalu*, 211 F.3d at 429 (denying costs incurred from trial graphics presentation, because such costs were unnecessary); *see also Summit Tech., Inc. v. Nidek Co.*, 435 F.3d 1371, 1377-78 (Fed. Cir. 2006); and *Tunnell v. Ford Motor Co.*, No. 03 CV 074, 2005 WL 3050316, at **4-5 (W.D. Va. Nov. 10, 2005).

[39] *Mortell v. MacNeal Health Care Servs. Corp.*, No. 99 C 4531, 2000 WL 804666, at *3 (N.D. Ill. June 21, 2000) (citing *EEOC v. Kenosha Unified Sch. Dist. No. 1*, 620 F.2d 1220, 1227-28 (7th Cir.1980)).

[40] *Martin v. U.S.*, 931 F.2d 453, 455 (7th Cir. 1991); *Shanklin Corp. v. Am. Packaging Mach., Inc.*, No. 95 C 1617, 2006 WL 2054382, at *5 (N.D. Ill. July 18, 2006) (denying recovery of any in-house photocopying costs).

[41] *Mortell*, 2000 WL 804666, at *3 (citing *Haroco, Inc. v. American Nat'l Bank & Trust of Chicago*, 38 F.3d 1429, 1441 (7th Cir. 1994) (other citations omitted)); *LeMoine v. Combined Commc'ns Corp.*, No. 95 C 5881, 1996 WL 435115, at *2 (N.D. Ill. July 31, 1996).

Here, Fiberstar seeks $11,703.94 in costs, which is essentially *all* of its photocopying, electronic file-creation, scanning and OCR'ing (*i.e.*, word-searchable scanning), customization, CD burning, glue-binding, and computer-searching costs.[42] Fiberstar's attorney, Mr. Pardon, attests that: (1) he has provided a "detailed explanation of receipts;" and (2) the photocopying costs were attributed or billed to Fiberstar either by in-house copiers or outside vendors.[43] Mr. Pardon, however, fails to identify why these copying charge were reasonable. Mr. Pardon also fails to particularize the purpose of several of these copies, whether multiple copies were made of the same documents or what documents were copied and why. Though Fiberstar is not required to submit a "bill of costs itemizing every document copied,"[44] Fiberstar's evidence fails to demonstrate which costs were necessary and reasonable and why.[45,46]

In many instances, Z Trim cannot determine which of these copy costs were necessary and reasonable. For example, Fiberstar seeks $2,000.14 for in-house copy costs incurred at Michael Best & Friedrich spanning a 10-month period.[47] According to Mr. Pardon, on the one hand, these copy costs "were necessarily incurred to facilitate attorneys' and experts' work in preparing briefs, memos, exhibits, and in preparing for depositions and trial testimony."[48] But then on the other hand, Mr. Pardon admittedly failed to record how and why these copy were incurred.[49] Mr. Pardon provides no evidence why *all* of these copy costs were necessary to this

---

[42] *See* Fiberstar's Bill of Costs at Exhibit 4.

[43] *See* April 22, 2008 Declaration of Edward J. Parson In Support of Fiberstar, Inc.'s Bill of Costs (the "Pardon Declaration").

[44] *Northbrook*, 924 F.2d at 643.

[45] *Engate,* 2006 WL 695650, at *5 (finding that party failed to meet its burden of demonstrating copying costs were necessary or that documents were provided to the court).

[46] *See, e.g.*, *Telular Corp.*, 2006 WL 1722375, at **4-5 (denying recovery for unsubstantiated copy costs); *Glenayre Elecs., Inc. v. Jackson*, No. 02 C 0256, 2003 U.S. Dist. LEXIS 14046, at *12 (N.D. Ill. Aug. 8, 2003) (same); and *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 916 F. Supp. 751, 763 (N.D. Ill. 1996) (denying costs for photocopies without any explanation or description).

[47] *See* Fiberstar's Bill of Costs at Exhibit 4, receipts designated as "Michael Best & Friedrich."

[48] *See* Pardon Declaration at ¶ 18.

[49] *Id.*

litigation or that the $0.15 per page in-house charge was reasonable. Mr. Pardon's blanket statement regarding 10-months of unascertainable copy costs cannot justify taxing all of them against Z Trim.[50]

In another example, Fiberstar seeks $708.55 for one copy job, which was apparently incurred shortly after fact discovery began.[51] Upon closer inspection, this receipt discloses unrecoverable costs beyond mere photocopying, like charges for scanning and OCR'ing documents into digital files, creating custom labels, burning CDs, glue-binding ACCO books, and creating premium copies on "bond" paper. None of these costs are even recoverable under 28 U.S.C. § 1920(4), let alone were reasonably necessary at the time based on Fiberstar's evidence.[52]

In a final example, Fiberstar seeks costs for computer research charges for on-line document retrieval, which the Seventh Circuit considers to be attorney research and is not recoverable.[53,54]

In sum, these three examples demonstrate that many of Fiberstar's "photocopy" costs not only fall outside of Section 1920(4), but are unnecessary and reasonable or lack sufficient detail to ascertain their necessity. "[W]here the Court is unable to determine whether photocopies were

---

[50] *See, e.g.*, *Shanklin*, 2006 WL 2054382, at *5 (denying recovery for unsubstantiated in-house copy costs).

[51] *See* Fiberstar's Bill of Costs at Exhibit 4, AlphaGraphics receipt dated 10/15/07.

[52] *See, e.g.*, *Northbrook*, 924 F.3d at 644 (finding that media created to reduce storage and duplication expenses is unnecessary and for counsel's convenience); *Windy City Innovations, LLC v. America On-Line, Inc.*, No. 04 C 4240, 2006 WL 2224057, at **3-4 (N.D. Ill. July 31, 2006) (finding costs to be unreasonable related to producing electronic documents, coding document, and document conversion in electronic format).

[53] *See* Fiberstar's Bill of Costs at Exhibit 4, receipts dated 3/21/07 through 12/27/07 for "PACERS" costs.

[54] *Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399, 409 (7th Cir. 2000) (finding computer research to be for attorney convenience and is not recoverable) ("Computer research charges are considered a form of attorneys' fees."); *Haroco, Inc. v. Am. Nat'l Bank & Trust Co. of Chicago*, 38 F.3d 1429, 1440-40 (7th Cir. 1994).

reasonable or necessary for use in a case, a claim for costs should be denied."[55]  Alternatively, if the Court decides to award some photocopy costs, and if some of those costs were necessarily obtained for use in this litigation, Z Trim proposes that the Court tax $2,000.00.

*   *   *

Accordingly, under 28 U.S.C. §1920(4), the Court should reduce Fiberstar's Bill of Costs for exemplification and photocopies necessarily obtained for use in this case to $2,000.00.

### 3. Fees for the subpoenas issued to Dr. Inglett, Ribando, Halpern, and Blalock are unnecessary under 28 U.S.C. § 1920(1)

Fiberstar has requested $355.00 in fees associated with four different subpoenas: June Blalock; Dr. George Inglett; Curtis Ribando; and Greg Halpern.[56]  To recover these fees under 28 U.S.C. § 1920(1), Fiberstar must have actually taken the deposition and then have shown that each deposition was "necessary" to its case.[57]  For the reasons stated above, the Inglett and Ribando subpoenas were unnecessary and unreasonable, and Fiberstar fails to make any showing that the Halpern and Blalock subpoenas were necessary.  Thus, the Court should deduct $355.00 from the Bill of Costs.

## IV. CONCLUSION.

Based on the foregoing reasons, the Court should reduce Fiberstar's Bill of Costs from $53,577.80 to $7628.77.

---

[55] *Vigartone*, 2004 WL 1899882, at *8 (finding that when the prevailing party does not offer an explanation as to why copies of non-court documents were necessary, the costs should be stricken from the bill); *see also Pruitt v. City of Chicago*, No. 03 C 2877, 2005 WL 2483355, at *2 (N.D. Ill. Oct. 2, 2005).
[56] *See* Fiberstar's Bill of Costs at Exhibit 1.
[57] *NLFC, Inc. v. Devcom Mid-America, Inc.*, 916 F. Supp. 751, 764 (N.D. Ill. 1995) (denying costs for depositions where "none of the contents of either deposition was referenced in any material provided to [the] Court.").

Dated:  May 5, 2008                                    Respectfully submitted,

                                                           Z TRIM HOLDINGS, INC. and
                                                           FIBERGEL TECHNOLOGIES, INC.

                                                           By:       /s/ Adam G. Kelly
                                                                  Adam G. Kelly, Esq.

Mark A. Cameli
Lynn M. Stathas
Lewis W. Beilin
REINHART BOERNER VAN DEUREN S.C.
22 East Mifflin Street
P.O. Box 2018
Madison, WI 53701-2018
608-229-2200
608-229-2100 (facsimile)
mcameli@reinhartlaw.com

<u>Of Counsel</u>
Edward H. Rice (admitted *pro hac vice*)
Marina N. Saito (admitted *pro hac vice*)
Adam G. Kelly
Julie P. Samuels (admitted *pro hac vice)*
LOEB & LOEB, LLP
321 North Clark, Suite 2300
Chicago, Illinois 60610
Telephone:  312-464-3138
Facsimile:  312-464-3111
akelly@loeb.com

*Attorneys for Z Trim Holdings, Inc. and FiberGel Technologies, Inc.*

**CERTIFICATE OF SERVICE**

      I, Adam G. Kelly, hereby certify that on May 5, 2008, I caused a true and correct copy of the foregoing **Z TRIM'S MEMORANDUM IN SUPPORT OF ITS OBJECTIONS TO THE BILL OF COSTS** to be filed, with confirmation delivered by email and/or ECF service addressed to the following counsel of record:

>J. Donald Best
>jdbest@michaelbest.com
>Jeffrey S. Ward
>jsward@michaelbest.com
>Edward J. Pardon
>ejpardon@michaelbest.com
>Wendy M. Seffrood
>wmseffrood@michaelbest.com
>MICHAEL BEST & FRIEDRICH LLP
>One S. Pinckney Street, Suite 700
>Madison, WI  53703-4257
>608-283-2272 - Phone
>608-283-2275 - Fax

This 5th day of May, 2008.      By:    /s/ Adam G. Kelly
                                                      Adam G. Kelly, Esq.

>LOEB & LOEB LLP
>321 North Clark, Suite 2300
>Chicago, Illinois 60610
>(312) 464-3138
>(312) 464-3111 (facsimile)