IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Z TRIM HOLDINGS, INC., and
FIBERGEL TECHNOLOGIES, INC.,

                                                                            OPINION and ORDER

                Plaintiffs,

                                                                             07-cv-161-bbc

    v.

FIBERSTAR, INC.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this patent infringment suit, judgment was entered on January 30, 2008 in favor of defendant after it received a favorable ruling on its summary judgment motion. On May 27, 2008, the clerk of court awarded defendant costs totaling $41,147.23. Now before the court is plaintiffs' appeal of the clerk of court's award of costs to defendant, brought pursuant to Fed. R. Civ. P. 54(d)(1). Plaintiffs object to the following costs taxed by the clerk: (1) video-related deposition fees for eight depositions totaling $6,595.00; (2) a portion of exemplification costs that included "consultation fees" totaling $10,660.42; (3) most of the photocopy costs allowed because defendant did not provide adequate explanation of its expenses, totaling $9,703.94 of the $11,703.94 awarded.

1

OPINION

A. Video-related Deposition Fees

Plaintiffs object to $6,595.00 awarded for video-related fees related to eight depositions, contending that it was unnecessary for defendant to videotape these depositions because, contrary to what the clerk of court believed, the witnesses deposed were subject to the court's subpoena power.

As the Court of Appeals for the Seventh Circuit recently held, 28 U.S.C. § 1920(2) authorizes taxation of costs associated with the taking of deposition, including both stenographic transcripts and video recording in the same case. Little v. Mitsubishi Motors North America, Inc., 514 F.3d 699, 701-02 (7th Cir. 2008). However, "in addition to being authorized by statute, a cost must be both reasonable and necessary to the litigation" to be recoverable. Id. at 702.

Defendant asserts that it was reasonable to videotape all eight witnesses: three because they were deposed by plaintiffs who were videotaping and could have used their videotape for impeachment purposes; three because, although they were plaintiffs' employees, the business was in a "state of flux" and they weren't certain the witnesses would be able to attend trial; and the other two because they were plaintiffs' experts and plaintiffs may not have ultimately called them. Although it is possible that defendant could have survived without videotaping these depositions, I cannot conclude that it was unreasonable

2

for defendant to "play it safe" by videotaping depositions when the other side is videotaping or in circumstances in which there is even a slight chance that the witness may not be present at trial. Defendant has provided adequate reasons for videotaping the eight depositions; the $6,595.00 in video depositions to which plaintiffs object will be awarded.

## B. "Consultation Fees"

Next, plaintiffs object to $10,660.42 of the exemplification fees awarded, contending that these fees were consultation fees. 28 U.S.C. § 1920 allows taxation of costs for "exemplification." As the Court of Appeals for the Seventh Circuit held in <u>Cefalu v. Village of Elk Grove</u>, 211 F.3d 416, 427-28 (7th Cir. 2000), "exemplification" must be read broadly to include "a wide variety of exhibits and demonstrative aids" including standard charts and graphs as well as high-end "computer-based, multimedia displays." The court explained that the cost of preparing the exhibits may be recovered, while the cost of "conducting the research and analysis eventually reflected in the exhibit" cannot. <u>Id.</u> at 427, n.5.

Plaintiffs contend that $10,660.42 of the exemplification costs billed were for "consultation" with DecisionQuest that included developing the idea for exhibit designs. One look at the receipts for these fees shows that the large bulk of the costs were not for "consulting" at all, but rather for "graphic production," "illustration" and "design." Bill of Costs, dkt. #125-4 at 39-41. However, even those costs labeled "consulting" and "telephone

conference" do not appear to be related to "conducting the research and analysis eventually reflected in the exhibit," Cefalu, 211 F.3d at 427, n.5, which relates to the work of the attorneys putting together the case; instead, those costs reflect nothing more than the cost of the design company in collaboration with defendant's counsel to make sure the demonstration was prepared as counsel had requested. Therefore, the full $10,660.42 will be awarded.

### C. Law Firm Copying and Printing Costs

Finally, plaintiffs object to the award of $11,703.94 for defendant's copying and printing fees, contending that $2,000 is all that should be awarded. Plaintiffs' argument is that defendant failed to provide sufficient information to allow plaintiffs and the court to review the photocopy costs to be able to determine which ones were necessary to the litigation and which ones were not.

Generally, the court need not conduct a painstaking inspection of the costs to determine that certain costs are "reasonable and necessary" to the litigation. Anderson v. Griffin, 397 F.3d 515, 522 (7th Cir. 2005) (citing Taco Bell v. Continental Casualty Co., 388 F.3d 1069, 1075 (7th Cir. 2004). In general, market incentives will do a better job keeping costs in check than the court could possibly do after the fact. Id. However, the party seeking costs must at least show that the costs were incurred for the case at hand.

4

Thus, once it is established that costs were incurred for issues related to the case at hand, costs should generally be accepted so long as they fall into one of the categories of costs statutorily authorized for reimbursement.

In this case, defendant submitted the receipts and an affidavit explaining how each photocopying bill related to the case.  Plaintiffs' objection that it should have been provided more detailed information to dig in and find out which copies were "court copies" and which copies were "extra file copies" is to ask for precisely the painstaking review that the court of appeals shunned in Anderson and Taco Bell.  Defendant will be awarded $11,703.94 for photocopies.  Because all of plaintiffs' objections fail, defendant will be awarded the full $41,147.23 taxed by the Clerk.

ORDER

IT IS ORDERED that the appeal from the taxation of costs by plaintiffs Z Trim Holdings, Inc. and Fibergel Technologies, Inc. (dkt. #134) is DENIED.  Defendant

5

Fiberstar, Inc. is awarded costs as prevailing party in the amount of $41,147.23.

Entered this 12th day of August, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

6